Inhabitants of Cheshire *v.* Howland & others.

---

INHABITANTS OF CHESHIRE *vs.* JOHN W. HOWLAND & others.

It is no ground of exception to the admission in evidence of an auditor's report at a trial before the jury, that the auditor appointed a time and place for the hearing, which were not convenient to the counsel of the party excepting, as the counsel of the other party knew.

Payments made by a collector of taxes in behalf of the town, and allowed to him by the town in account, cannot be again allowed him in an action by the town on his official bond.

In an action by a town on the bond of its collector of taxes, amounts paid by the collector on negotiable orders drawn by the selectmen upon him cannot be credited to the defendants.

Assessors have no power to abate a tax after their term of office has expired.

In an action upon a collector's bond, interest is to be allowed upon the amount due from the time of a demand upon the collector.

A collector of taxes is not responsible to the town for not collecting taxes under a warrant illegal upon its face.

A warrant to a collector of taxes, which directs him to collect the amount of a highway tax " in money or receipts from the surveyor of highways," is unauthorized by law.

ACTION OF CONTRACT upon the bond given by Howland as collector of taxes of Cheshire for 1855. Trial in the court of common pleas before *Bishop,* J., to whose rulings the defendants alleged exceptions, the substance of which is stated in the opinion.

*J. C. Wolcott & J. N. Dunham*, for the defendants.

*J. T. Robinson*, for the plaintiffs.

Hoar, J. 1. The defendants except to the ruling of the judge before whom the case was tried in the court of common pleas, allowing the report of an auditor to be given in evidence to the jury; because the auditor appointed a time and place for one of the hearings before him which were not convenient to the defendants' counsel, of which fact the counsel for the plaintiff was informed. It appears that the defendants' counsel were not present at the hearing, but the auditor proceeded in their absence, and made his report.

This exception cannot be sustained. If the counsel, being seasonably notified of the time appointed, could not attend, they should have applied to the auditor to change the time, or for a farther hearing. If he had refused, unreasonably, application should then have been made to the court by whom the auditor was appointed, to recommit the report, or to set it aside; and this application should have been made before the trial. If the application had been seasonably made, the decision of the judge upon it would have been upon a matter within his judicial discretion, and not a subject of exception. The auditor's report, therefore, made a *prima facie* case for the plaintiffs, to recover the amount reported to be due to them.

2. The evidence in regard to the note produced by the defendant was rightly admitted. It was a note signed by the selectmen of Cheshire as the agents of the plaintiffs, and by the defendant Howland as surety. His claim was, that the money he had paid upon it was so much money paid to the use of the plaintiffs upon their debt. The evidence admitted by the court was to show that this sum had already been allowed him in account. If this were true, it would be the best of reasons why it should not be allowed to him again.

3. It appeared that certain "town orders," that is, orders drawn by the selectmen upon the town treasurer, in favor of persons to whom the plaintiffs were indebted, and made payable to such persons or bearer, had been paid by Howland, the collector, to the persons in whose favor they were drawn, and

had afterward been transferred by him to other persons, who had commenced actions upon them against the town. It is very clear that these " orders " should not have been credited to the defendants in this action. No authority was shown for Howland's paying them as the agent of the plaintiffs. He did not have them in his possession at the trial. We have decided at this term that an action could not be maintained upon them by the persons to whom they had been transferred, in their own names; because selectmen have no authority, by virtue of their office, to make such negotiable instruments on behalf of their town. *Smith* v. *Cheshire, ante,* 318. It is probably a common practice for collectors of taxes to receive and pay such orders, and have them allowed to them in their settlements with the town. The transfer of the orders to the collector might operate as an assignment to him of the demands against the town in favor of the persons to whom the orders were first given. If this were so, his transfer of them to another would be an assignment by him of the same demand, which, never having been paid by the town, would remain as a valid claim to be enforced for the benefit of the assignee, by an action in the name of the original creditor.

4. The next ground of exception is, that the amount of taxes named in the certificate of abatement given to the collector on the 18th of December 1857, by the assessors for 1855, was not allowed him by the auditor, and that the certificate of abatement was rejected as evidence at the trial. This exception cannot prevail. We are of opinion that the assessors had no authority to make an abatement of taxes after their term of office had expired. The office of assessor is an annual office. The statutes relating to the assessment of taxes all contemplate that the duty of the assessors shall be completed within the year. There is no express provision of law, authorizing them to do any act after their term is ended; nor is there any necessity for such an extension of their powers as would give such authority by implication. No person is entitled to an abatement of his tax, who does not apply for it within six months after it is assessed upon him. Rev. Sts. *c.* 7, § 41. The whole policy

of the law contemplates a prompt performance of their duties on the part of assessors. The power of a collector to complete the collection of taxes after his term of office has expired is directly conferred by statute. Rev. Sts. *c.* 8, § 2. The town may abate a tax by vote after the year has expired. Rev. Sts. *c.* 8, § 43.

5. Interest was rightly allowed from the date of the demand upon the collector to pay over the amount due from him to the town. It was a specific sum of money, which the town had a right to receive at the time it was demanded. Its detention from that time was wrongful, and the law gives interest, in the nature of damages, for the detention.

6. The only remaining ground of exception is, that, by the auditor's report, the defendants were charged with the sum of $826.38, the amount of a highway tax for 1855, which was committed by the assessors to Howland for collection, by a warrant which directed him to "collect the sum of $826.38 in money or receipts from the surveyors of said Cheshire, it being the highway tax 1855;" and that such direction was not authorized by law, and therefore the failure of the collector to obey it, or to account for the money received upon it, could not be regarded as a breach of official duty, for which his sureties would be responsible; but that the presiding judge refused to instruct the jury to disallow the charge. We think this objection must prevail. A warrant, not upon its face authorized by law, imposes no official obligation upon the collector. If he actually collects money which the town is justly entitled to receive, he may be responsible for the sums collected. But he cannot be charged with the amount of the tax, merely upon proof that it was committed to him, under such a warrant, by the assessors.

The case of *Sandwich* v. *Fish*, 2 Gray, 298, cited by the plaintiffs' counsel, was a case where the town sought to recover of a collector and his sureties upon his bond the amount of money which the collector had received from the taxpayers, under a warrant which, the defendants contended, was irregular and not authorized by law. Although the court held, that the

irregularities there shown would afford the collector no protection against the claim for money he had actually received, yet it is expressly stated in the opinion that the collector would be under no obligation to execute a warrant not sufficient on its face. The taxpayers may undoubtedly waive any defects in the warrant which are merely formal; but their waiver cannot require the collector to proceed with the execution of a warrant which the assessors had no right to issue. The condition of the bond is, " to account for and pay over all the taxes which he shall be legally required to collect."

The provisions of law for the collection of highway taxes differ in some respects from those which relate to other taxes. The town may raise a tax in money for the maintenance of highways, to be collected and paid in the same manner as other town taxes. Where this is done, there is no power in the assessors to issue a warrant for its collection " in surveyor's receipts " in whole or in part. But the town may raise a highway tax, to be worked out by the taxpayers at their election, under the direction of the highway surveyors, after such notice as the statute requires. Where this is the mode adopted, the warrant from the assessors is to issue, or lists are to be furnished, in the first instance, to the surveyors; and it is only against those who have refused or neglected, upon proper notice, to furnish their proportion of labor and implements within the time allowed them, that a warrant can lawfully issue to the collector to collect the tax in money. When such a warrant issues, it is after the time within which the taxpayers could lawfully "work out" the tax, according to the common phrase; and it must issue only against the delinquents, and can be only for the payment of money. The warrant before us, by its terms, seems to contemplate a future determination of a fact, which should have been definitely ascertained in the mode provided by law, before the warrant was issued. Rev. Sts. *c.* 25, §§ 8–16. It is therefore not, in any view, a warrant by which the collector was " legally required to collect" a tax, and the rulings of the court below were so far erroneous.

But as the error only affects a single item of the account, i

will not be necessary to set aside the verdict, if the plaintiffs will remit the amount which has been improperly allowed to them. It appears that the surveyor's receipts, which were taken by the collector, have been credited to him in the account.

If therefore the plaintiffs choose to remit from their verdict the sum of $826.38, except the amount of the surveyor's receipts which have been credited, and interest upon the remainder from July 1st 1856, to the time of the verdict, judgment will be entered upon the verdict; otherwise, the verdict will be set aside, and a new trial ordered in the superior court.